UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KHADIM DIAW,

        Petitioner,            Case No. 1:25-cv-1923

v.                                    Honorable Robert J. Jonker

KRISTI NOEM et al.,

        Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled combined petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for emergency injunctive relief. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

**I.   Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action, declare that Respondents' actions to detain Petitioner violate the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act (INA), and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to conduct a bond hearing for Petitioner's removal proceedings. (Pet., ECF No. 1, PageID.32–33.) In the petition, Petitioner also sought a temporary restraining

order compelling Respondents to conduct a bond hearing to ensure his due process rights. (*Id.*, PageID.2.) Alternatively, Petitioner asked the Court to order Respondents to show cause, within three days, why the petition should not be granted. (*Id.*)

In an order entered on January 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on January 8, 2026, (ECF No. 4), and Petitioner filed his reply later that same day, (ECF No. 5).

**II.     Relevant Factual Background**

Petitioner is a native and citizen of Senegal. (Pet., ECF No. 1, PageID.1; Notice to Appear (NTA), ECF No. 4-1, PageID.67.) Petitioner entered the United States in October 2023 without being "admitted or paroled." (NTA, ECF No. 4-1, PageID.67.) Department of Homeland Security (DHS) agents encountered Petitioner on October 17, 2023, and at that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the INA because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.*) Thereafter, DHS released Petitioner into the United States on his own recognizance. (Resp., ECF No. 4, PageID.40.)[1] Petitioner then filed an asylum application, which remains pending. (Pet., ECF No. 1, PageID.2.)

In October or November of 2025, ICE encountered Petitioner and took him into custody. (Pet., ECF No. 1, PageID.2; Resp., ECF No. 4, PageID.40.) At the time of this encounter, Petitioner

---

[1] Respondents reference Exhibits B and C in their response, but they submitted only the cover pages for these exhibits. The Court is able to resolve this case without the submission of these exhibits. However, Respondents are advised to ensure that all referenced exhibits are properly attached to their response in future cases.

had authorization to work in the United States and had been issued a social security number. (Pet., ECF No. 1, PageID.2.) Petitioner is scheduled for a hearing on February 24, 2026, in the Detroit Immigration Court. (Resp., ECF No. 4, PageID.40.)

### III.     Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.     Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondents argue that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals (BIA).

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of Petitioner's § 2241 petition.

## V.     Merits Discussion

### A.     Statutory Basis for Petitioner's Detention

Petitioner contends that Respondents have violated the INA by concluding that Petitioner is detained pursuant to the mandatory detention provisions set forth in 8 U.S.C. § 1225(b)(2). Respondents, however, contend that Petitioner meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Petitioner, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).

### B.     Fifth Amendment Due Process Considerations

Petitioner also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner has received notice of the charges against him, has access to counsel, is scheduled to attend hearings with an immigration judge, has the right to appeal the denial of any request for bond, and has been detained by ICE for a short period time.

The Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases:

4

*Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## VI.     Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of the United States Secretary of Homeland Security as a Respondent. The Court concludes that the Detroit ICE Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the Detroit ICE Field Office Director and the United States Secretary of Homeland Security as Respondents.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment or, in the alternative, immediately release Petitioner from custody.[2] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:   January 29, 2026                                  /s/ Robert J. Jonker
                                                            Robert J. Jonker
                                                            United States District Judge

---

[2] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer.