UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KHADIM DIAW,

        Petitioner,                      Case No. 1:25-cv-1923

v.                                          Honorable Robert J. Jonker

KRISTI NOEM et al.,

        Respondents.

_____/

## **ORDER**

       This is a habeas corpus action brought by counsel on behalf of an individual detained by the United States Immigration and Customs Enforcement at the North Lake Processing Center in Baldwin, Lake County, Michigan. In an Opinion and Judgment entered on January 29, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. (Op. & J., ECF Nos. 6, 7.) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. (Op. & J., ECF Nos. 6, 7.)

       On February 5, 2026, Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner had been denied bond. (Status Report, ECF No. 8; Bond Order, ECF No. 8-1.) The following day, February 6, 2026, Petitioner filed a status report, in which he requests

immediate release from custody.[1] (ECF No. 9.) In the status report, Petitioner states that he was denied bond at his bond hearing "due to the [Immigration Judge] believing he is a flight risk," and Petitioner argues that "[t]he [Immigration Judge] used an arbitrary and capricious standard and reasoning to deny the bond request." (*Id.*, PageID.133.)

In Petitioner's status report, Petitioner seeks to challenge the nature of the bond hearing that was held in response to the Court's January 29, 2026, Opinion and Judgment. However, the Court notes that the issues raised, and the relief sought, in Petitioner's initial § 2241 petition (ECF No. 1) were resolved by the Court's January 29, 2026, Opinion and Judgment and the holding of the § 1226 bond hearing in Immigration Court. Although Petitioner is free to challenge the § 1226 bond hearing, any challenge to the constitutionality of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's January 29, 2026, Opinion and Judgment. Therefore, the Court denies Petitioner's request for immediate release, as set forth in his status report. (ECF No. 9.) If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing that was held in response to the Court's January 29, 2026, Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

Dated:  February 13, 2026                           /s/ Robert J. Jonker
                                                    Robert J. Jonker
                                                    United States District Judge

---

[1] If counsel seeks to ask the Court to act in a closed case, the Court requests that counsel file a motion in the closed case, rather than a status report.